UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

EDDIE LEE THOMPSON,

                Plaintiff,                        Case No. 2:06-cv-258

v.                                          Honorable Gordon J. Quist

DAVID M. THEUT,

                Defendant.

_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.        Factual allegations

Plaintiff is presently incarcerated at the Newberry Correctional Facility, but complains of events that occurred while he was housed at the Carson City Correctional Facility (DRF), Saginaw Correctional Facility (SRF), and the Kinross Correctional Facility (KCF).  In his *pro se* complaint, Plaintiff sues David M. Theut, a hearing officer for the Michigan Department of Corrections.

Plaintiff alleges that in August or September 2003, while incarcerated at DRF, he was called to the property room to receive a Brothers ML 500 Memory Typewriter from Access Catalog Company, which had been purchased by an outside source.  On December 10, 2004, Plaintiff was transferred to SRF.  Plaintiff did not immediately receive his typewriter because an SRF officer concluded that Plaintiff had not arrived with a typewriter.  However, on December 16, 2004, the typewriter was returned to him.  On May 5, 2005, Plaintiff was transferred to KCF where Officer Recla claimed that the typewriter was contraband and refused to give it to Plaintiff.  On May 15, 2005, Officers Leonard and Nolan also stated that the typewriter was contraband, claiming that the typewriter had been sanded and replaced with Plaintiff's name and number.  Hearing Officer L. Berlinger contacted Access Catalog Company.  The company's representative advised that her search by name, prisoner number, prison facility and customer number revealed no record of an order being placed on or around September 2003.  Officer Berlinger found that the typewriter was contraband.  Plaintiff appealed the ruling and confiscation of the typewriter to Assistant Deputy Warden Kathy Olson, who upheld Officer Berlinger's decision.

- 2 -

Thereafter, Plaintiff mailed Kathy Olson a photocopy of the invoice receipt from Access Catalog Company pertaining to the typewriter.  On June 6, 2005, Officer Recla issued a major misconduct report for possession of a forged document relating to the invoice receipt.  Officer Recla claimed that the typing on the Access Catalog Company's invoice receipt  under "Shipper" was different than under "Ship to," and charged that Plaintiff had purposefully altered the document with the intent to deceive staff.  On June 21, 2005, Defendant Theut found Plaintiff guilty of knowingly possessing a false document, and sanctioned Plaintiff to thirty days segregation.  Plaintiff filed an appeal in the state court, where the decision of Defendant Theut was affirmed.  The Michigan Court of Appeals denied his application for leave to appeal because he had failed to fully pay the the filing fee in a separate case.  (Compl., ex. 1).

Plaintiff states in his complaint (verbatim):

> This is a Civil Rights action filed by Eddie Lee Thompson, a state prisoner for damages, declaratory, and injunctive relief under and pursuant to 42 USC § 1983, against Respondent for deprivations of legal property and arbitrarily imposing a 30-day punitive segregation, through network communication, with the intent to frustrate and deny Petitioner's access to the courts, and retaliation to accomplish the goal.

(Compl. at 1).  Plaintiff claims that the issues raised by his complaint are (1) whether the Ingham County Circuit Court denied him due process when it allowed Defendant to misrepresent the facts, (2) whether the Ingham County Circuit Court was biased when it did not independently assess the actual elements of the charge against Plaintiff,  (3) whether Defendant denied him due process when he did not conduct an adequate, full and fair investigation prior to the [misconduct] hearing, and (4) whether Plaintiff was prejudiced when "respondent's attorney" presented Plaintiff's mug-shot to the Ingham County Circuit Court.  In his request for relief, Plaintiff asks the Court to reverse the

state court's judgment, fairly address the merits of his constitutional claims, and grant any relief to which he is entitled. In the complaint, Plaintiff consistently refers to himself as "Petitioner," and to Defendant Theut as "Respondent."

      II.     <u>Failure to state a claim</u>

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Construing Plaintiff's *pro se* complaint as liberally as possible, I conclude that he has failed to state a valid claim on any theory.

      A.     <u>Disciplinary hearing</u>

Plaintiff claims that Defendant Theut denied him due process when he did not conduct an adequate, full and fair investigation prior to the hearing and arbitrarily imposed punitive segregation. The Supreme Court has held that claims for equitable relief and monetary damages, which necessarily imply the invalidity of the punishment imposed, are not cognizable under § 1983 until the conviction has been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (addressing allegations of deceit and bias on the part of the decisionmaker in a misconduct hearing). The

- 4 -

*Edwards* Court relied upon *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original). As the Supreme Court recently has stated, "[t]hese cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). Thus, where a prisoner's claim of unfair procedures in a disciplinary hearing necessarily implies the invalidity of the deprivation of good-time credits, his claim is not cognizable under § 1983. *Id.*; *see also Bailey v. McCoy*, No. 98-1746, 1999 WL 777351, at *2 (6th Cir. Sept. 21, 1999) (collecting Sixth Circuit decisions applying *Edwards* to procedural due process challenges).

In *Muhammad v. Close*, 540 U.S. 749 (2004), the Supreme Court clarified that *Edwards* requires the favorable termination of a disciplinary proceeding before a civil rights action may be filed only in cases where the duration of the prisoner's sentence is affected. *See Johnson v. Coolman*, No. 03-1909, 2004 WL 1367271, at *1 (6th Cir. June 15, 2004). Under Michigan law, a prisoner is statutorily precluded from earning good-time credits during the month in which he was convicted of a major misconduct. *See* MICH. COMP. LAWS § 800.33(5). In addition, the warden may order forfeiture of previously accumulated good-time credits. *Id.* Accumulated good-time credits are deducted from a prisoner's minimum and maximum sentence in order to determine his parole eligibility and discharge date. *Id.* It is unclear whether any of Plaintiff's accumulated good-time

- 5 -

credits were forfeited, but he definitely lost the good-time credits he would have earned for the month of his conviction. The loss of good-time credits is equivalent to a loss of a "shortened prison sentence." *See Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974). A challenge to the loss of a "shortened prison sentence" is a challenge to the fact or duration of confinement that is properly brought as an action for habeas corpus relief. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, because Plaintiff has not shown that his conviction has been invalidated, his claim is not presently cognizable under § 1983 as a ruling on the claim would, if established, necessarily imply the invalidity of his disciplinary conviction. *See Shavers v. Stapleton*, 102 F. App'x 900, 901 (6th Cir. 2004).

> B.   Access to courts

Plaintiff claims that the confiscation of his typewriter and legal papers, and possibly his thirty days in segregation, infringed upon his right of access to the courts. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). While the right of access to the courts does not allow a State to prevent an inmate from bringing a grievance to court, it also does not require the State to enable a prisoner to discover grievances or litigate effectively. *Lewis v. Casey*, 518 U.S. 343 (1996). In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis,* 518 U.S. at 349; *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1, 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992). In other words, a plaintiff must plead and demonstrate that the defendants have, or are presently, hindering his efforts to pursue a non-frivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (explaining that *Lewis* changed actual injury to include requirement that action be non-frivolous); *Pilgrim v.*

- 6 -

*Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Because Plaintiff has made no factual allegations showing that he suffered an "actual injury" to a nonfrivolous suit, he fails to state an access to the courts claim.

        C.    <u>Property deprivation</u>

        A claimed constitutional violation must be based upon active unconstitutional behavior. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir. 1995) (where complaint failed to allege wrongdoing by a particular defendant, it fell "far short of the standard that is necessary to weed out meritless actions"). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"); *see also Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich 1991); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). Plaintiff's complaint is devoid of factual allegations showing the personal involvement of Defendant Theut in the deprivation of Plaintiff's property. Accordingly, the complaint fails to state a claim against Defendant Theut, the sole defendant in this case.

        D.    <u>Retaliation</u>

        Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was

- 7 -

engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Plaintiff merely alleges the ultimate fact of retaliation in this action. He has alleged no facts to support his conclusion that Defendant Theut found him guilty of the misconduct charge in retaliation for engaging in constitutionally protected conduct. Accordingly, his speculative allegation fails to state a claim. *See Crawford-El v. Britton,* 523 U.S. 574, 588 (1998); *Thaddeus-X*, 175 F.3d at 399.

E.   Ingham County proceeding

Plaintiff alleges several errors in the Ingham County proceeding in which he challenged his misconduct conviction. As discussed in section (A), to the extent that the duration of Plaintiff's sentence was affected by the disciplinary action, he may not challenge his conviction in a § 1983 action. *See Heck*, 512 U.S. at 486-87; *Edwards*, 520 U.S. at 645. Under Michigan law, a prisoner may appeal a misconduct conviction to the state circuit court. Mich. Comp. Laws § 791.155(2). If the prisoner is unsuccessful in the circuit court, he may appeal to the Michigan Court of Appeals and Michigan Supreme Court. *See* Mich.Ct. Rule 7.203(B); 7.302. If he is not successful in the state appellate courts, he may seek to overturn his conviction by bringing a federal habeas corpus action. Thus, even assuming all of Plaintiff's factual allegations are true, he can show no set of facts in support of his claims which would entitle him to relief under § 1983.

## Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C.

- 8 -

§§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   January 8, 2007

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).